# Frick *v.* Harper.

### *Ejectment.*

(Decided April 16, 1908. 46 South. 453.)

1. *Adverse Possession; Against the Government.*—There can be no adverse possession against the United States.

2. *Same; Elements.*—To constitute adverse possession there must be claim of title and possession continuous, open and notorious, for the time prescribed by law.

3. *Ejectment; Issues; Judgment.*—Where there was a disclaimer entered and confessed to all of the land except that covered by a schoolhouse, and a plea of not guilty as to that, and the evidence showed that the only title which defendant claimed was in and to the building and not to the land on which it is situated, a judgment should have been directed for the plaintiff.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. L. Frick, against W. L. Harper. From the judgment the plaintiff appealed. Reversed and remanded.

BILBRO & MOODY, for appellant. No adverse possession could be shown prior to May 6, 1906 as the title

prior to that time was in the government.  No declaration of possession was made as required by sections 1543-6, Code 1896;—1 Brickell's Dig. p. 49.  The use of the building for a school-house was a mere license which was revoked when McCutcheon made his deed.—25 Cyc. 650.  Defendant was a bald trespasser and plaintiff was entitled to the affirmative charge since he had had prior possession.—*Payne v. Crawford,* 102 Ala. 387; *Gist v. Beaumont,* 104 Ala. 347; *Mickle v. Montgomery,* 111 Ala. 415.

W. H. NORWOOD, for appellee.  No brief came to the Reporter.

DOWDELL, J.—This is a statutory action of ejectment.  The case was tried on the plea of not guilty as to the land covered by the school house; a disclaimer having been entered and confessed as to the remaining land described in the complaint.  The plaintiff showed title in himself by regular conveyances from the government down to and including his immediate grantor to the land in dispute.  The defendant attempted to set up adverse possession, but in this there was a total failure.  The title to the land prior to May 6, 1896, when the patent was issued, was in the United States government.

There could be no adverse possession as against the United States.  Subsequent to the date of the patent, May 6, 1896, there was no pretense of a filing of a declaration of such adverse possession as the statute required before adverse possession could begin to run. Civ. Code 1896, §§ 1542-1546.  Moreover, to constitute adverse possession, there must be a claim of title and the possession must be continuous, open, and notorious for the period prescribed by law.—1 Brick. Dig. 49, § 4.  The evidence failed to show a continuous possession for the

necessary period. Besides, it is manifest from the whole evidence that the only title ever claimed was to the school building, and not to the land on which it was situated. The plaintiff was entitled to the general affirmative charge.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.